FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

OCT 24 2022
2:42 pm

Margaret Botkins, Clerk
Cheyenne

22-CV-223 - R

UNITED STATES DISTRICT COURT
   DISTRICT OF WYOMING

NATALIE A. MATHER,
General Delivery.
U.S. Post office.
cody, Wyoming 82414,
     Plaintiff,

VS.

STEPHANIE KNODEL, M.D., in her
official capacity, JANE DOE/A.K.A./
GENA, R.N., in her official capacity,
MEGAN MAUS, R.N., supervisory
nurse, in her official capacity,
CONNIE ZIERKE, in her official
capacity, and CODY REGIONAL HEALTH
CENTER, INC., a wyoming corporation,
     Defendant(s).

(1)

## CIVIL COMPLAINT

Comes now the Plaintiff in the above styled action and does show cause for complaint as follows:

(1) This is an action sustained by, NATALIE A. MATHER, hereinafter, Plaintiff MATHER, and sues the defendant's jointly, and in their official capacities, STEPHANIE KNODEL, in her official capacity, M.D, JANE DOE/A.K.A./GENA, R.N., in her official capacity, MEGAN MAUS, R.N., Supervisory nurse, in her official capacity, CONNIE ZIERKE, in her official capacity, and CODY REGIONAL HEALTH CENTER, INC., a Wyoming corporation, alleging:

(A) interference with the E.M.T.A.

(B) Emergency Department Medical malpractice!

(C) Unlawful Patient dumping!!

(D) Refusal of Identity disclosure of nursing personnel!

(2)

(E) conspiracy to conceal entitled nursing identity!

PARTIES

(2) Plaintiff NATALIE A. MATHER, is a former medical patient of the (emergency department) at the cody regional Health center, in cody Wyoming!

(3) capacity defendant, STEPHANIE KNODEL, is a wyoming Licensed medical physician, and is assigned to the emergency department at the cody Regional Health center!

(4) capacity defendant, JANE POE, A.K.A., GENA, is a wyoming Licensed registered nursing personnel assign- -ed to the emergency department at the cody regional health center!

(5) capacity defendant, MEGAN MAUS, acts in her official capacity as the primary nursing supervisor obtaining oversight of the entire emergency department at the

(3)

cody Regional medical center, and has condoned and ratified the severe nursing misconduct of concise nursing personnel, (Gena)!

(6) capacity defendant, CONNIE ZIERKE, acts in her official capacity as the official Human-resource officer of the cody regional health center, and obtains primary oversight of joint defendant's, (a) Stephanie Knodel, (b) Jane Doe/A.K.A./Gena, and (c) of nursing supervisor Megan Maus, and has in fact condoned, ratified and unlawfully conspired with joint defendant's, in a corrupt avenue in which to cover actual and true events!!!

(7) corporate defendant's, CODY REGIONAL HEALTH CENTER Inc., is a wyoming medical corporation at which obtains an emergency department, and pursuant to federal Legislation is Liable under the federal Emergency medical treatment and Labor act!

## NATURE OF THE CASE

(8) This concise case is predicated upon the federal aspects of the (Emergency Medical Labor and Treatment act)! "[E.M.L.T.A.]". Federal court Jurisdiction rises here where a Severe act of emergency department violation exists !!!

(9) RATHER, the Plaintiff party here, does in fact allege severe injury in which is legally required to seek civil Judicial penalties under federal Statute, where these claims are so plausible under the Emergency Medical Labor and Treatment Act, in compliance with the Legal threshold of, Fed. R. Civ. P. 12 (b)(6)!

(10) These foregoing civil claims are in fact PLAUSIBLE upon their face!

(11) These concise claims are clearly drawn upon a cognizable Legal theory upon which this fed. court can in fact draw far beyond

(5)

a reasonable inference that the joint defendant's are in fact Liable for the Severe misconduct alleged!

(12) MATHER'S, sincere federal allegations here does in fact cross ear over the Legal Line from merely possible into "[ Plausible]"! The Legal threshold of the federal requirements under Atlantic corp. v. Twombly, are here met by MATHER!

(13) MATHER'S, federal claims here under the Emergency Medical Labor and Treatment Act, exists as a most severe medical injury caused by certain defendant's, bringing MATHER, Very close to her death !!!

## JURISDICTION AND VENUE

(14) This federal court obtains subject matter Jurisdiction based upon the [E.M.L.T.A]".

(6)

(15) Plaintiff NATALIE A. MATHER, is a citizen of the United States, and is a citizen of the State of Wyoming, and has resided in Wyoming at all times material to this action.

(16) Natural defendant, STEPHANIE KNODEL, is a citizen of the State of Wyoming, and has resided in Wyoming at all times material to this action.

(17) Natural defendant, JANE DOE/ A.K.A., GENA, is a citizen of the State of Wyoming, and has resided in Wyoming at all times material to this action.

(18) Natural defendant, MEGAN MAUS, is a citizen of the state of Wyoming, and has resided in wyoming at all times material to this action.

(19) Natural defendant, CONNIE ZIERKE, is a citizen of the state of Wyoming, and has resided in wyoming at all times material to this action.

(20) Corporate defendant's, CODY REGIONAL HEALTH CENTER, obtains its principal place of business in the state of Wyoming, and does business solely in the state of Wyoming!

(21) The damage amount in dispute is in excess of, $75,000!

(22) Venue is proper in the District of Wyoming because each event giving rise to this action accrued in the District of Wyoming! 28 U.S.c. §1391.

STATEMENT OF FACTS

(23) On the concise date of october 6th, 2022, Plaintiff MATHER, in fact entered into the official Lobby and waiting area of the emergency department to the cody regional health center, in medical complaint of an oncoming seizure, where the initial intake recept- ion personnel, did in fact promptly notify the actual staff- ing nurses within the confines

(8)

of the official emergency room!

(24) As to MATHER'S, rising condition, the intake front desk personnel promptly ran back into the official emergency room area and made clear note to the on duty physician, here defendant, Stephanie Knodel, nursing personnel, and supervisor-Megan Maus, and this defendant - Jane Doe/A.K.A./Gena, that MATHER, had in fact seized into a severe seizure and that MATHER, fell to the floor, and did in fact strike her head, causing now additional brain injury, and harsh trauma to her head, where most schocking, these three licenced medical personnel, Stephanie Knodel, nursing supervisor-Megan Maus, and general nursing personnel, Jane Doe/A./K.A./Gena, merely responded directly to the intake reception personnel, quoting to the reception clerk to keep an eye on MATHER, and that the seizure may merely come to a hault on it's own !!!

(25) <u>Note/Important!</u>, During the discovery and disclosure process in this case, the lobby of the emergency department's camera footage will clearly show what concise physical damages were now inflicted upon MATHER, causing her additional brain damages other than what she already had!!!

(26) This specific event alone brings this civil complaint so plausible upon its face, and a clear cognizable legal theory is shown by Plaintiff, where this court can for certain draw far beyond a reasonable inference that these defendant's are clearly liable for the misconduct here alleged!!!

(27) For qualified nursing and medical personnel to merely direct a sole reception clerk to the emergency department, (a clearly not trained medical personnel), to keep an eye on MATHER, is so very far beyond reason, where MATHER, did in fact sustain additional brain injury caused at the hands

of the intentional neglect of these three defendant's, Knodel, Maus, and DOE/A.K.A./Gena!!

(28) As to this specific above claim, once Later released from the cody emergency department, by defendant, Dr. Stephanie Knodel, She was in fact further taken to an out of area hospital and received emergency treatment for her new brain injury sustained at the cody regional health center, and the new brain and head injury was in fact confirmed by the most competent treating physician at the diverse hospital's emergency department! During the discovery and disclosure process in this case, those different, and out of town hospital medical record's will be furnished to this court by Plaintiff MATHER!!!

(29) much Later during this Same E.R. visit, and once this now severe medical patient, (MATHER), was finally taken back into the actual emergency room, then

(11)

defendant, Dr. Stephanie Knodel, engaged to an act of additional and (intentional) malpractice, where during an official exam of MATHER, here MATHER, suffered an additional severe seizure directly within the confines of the official exam room in the emergency department, where the two other defendant's here named, MAUS, and Doe/A.K.A./ Gena, soon joined Dr. Knodel, in the exam room, upon such time at which MATHER, in fact again fell off of the exam bed, in result that neither of these three named defendant's did not place the safety rail up upon the official exam bed, which exists as a clear widespread city hospital policy, which was later confirmed by Mrs. Connie Zierke, the hospital's official human resource officer! In clear result of these three defendant's as is here named, refusing to utilize quality, and even reasonable common sense in placing the safety rail up alongside MATHER'S exam bed, MATHER, in fact rolled off of the exame bed, and again struck

(12)

her head upon the hard tile floor, including insuring her neck during this concise fall, where during her fall, defendant's, Knodel, a licensed and trained physician, Megan Maus, an E.R. nursing supervisor, and DOE/A.K.A./ Gena, stood directly in front of the patient/MATHER, and during her fall to the hard tile floor, all of these three medical personnel, stood back and away from MATHER, and refused with clear intent to catch and hold up MATHER, at least these three licensed and trained medical personnel, should have in fact caught MATHER'S head in protection as such!! A severe quote was most schockingly made by Dr. Knodel, and also by nursing supervisor-Megan Maus, that MATHER, had in fact attended the cody-regional emergency depart- -ment three consecutive times over seizures, and both defendant's Knodel, and Maus, further quoted a very redundant statement that the emergency room is not susposed to be comfortable!!! During this

(13)

Same event, all three defendant's,
Knodel, Maus, and Doe, commenced
into yelling at MATHER, to rise up
off of the floor on her own, however,
MATHER, was unable to do so, and
other medical personnel arrived
and assisted MATHER, back upon
the exame room bed!

(30) MATHER, in the above
claim shows what defendant's, did
and did not do in which to cause her
injury, and here has clearly
pleaded factual content, sufficing
that these three named E.R.
defendant's, are in fact liable
for these severe intentional acts
at which could have been clearly
avoided, because defendant's were in
fact standing right there next to
MATHER!

(31) Next, and in additional to
MATHER'S, seizure issues, during
this same E.R. visit MATHER'S
diabetic blood sugar was in fact
elevated into an excessive number
of 391-b.s.l., where defendant, Dr.
Stephanie Knodel, obtained clear

(14)

Knowledge of MATHER'S elevated blood sugar, pursuant to Dr. Knodel's verification of lab work as was ordered per Dr. Knodel, where here Dr. Knodel, clearly knowing of MATHER'S elevated blood sugar, still yet refused with clear intent to prescribe an injection of insulin!!!

(32) Dr. Knodel, again clearly quoted to MATHER, that she was in fact being neglected quality medical treatment, and (not equal or comparable) to the quality medical treatment of the other patient's within the emergency department during that same afternoon, and during this same visit to the E.D. by MATHER !!! Because of three E.D. visits !

(33) The federal term of (patient Dumping), rises here in this federal claim under the Emergency medical labor and treatment Act, and is so plausible!

(15)

(34) As to the concise cause of action existing of, (refusal of identity) of disclosure of nursing personnel), rises here where initially upon MATHER'S request directly to defendant - DOE/A.K.A/ Gena, as to her official Last name, sufficing that MATHER, could in fact file an entitled State complaint upon this concise nurse with the Wyoming State Board of medicine, she defendant DOE/A.K.A/ Gena, in a corrupt turn and twist in which to elude the State complaint process with the Board of nursing, turned her official name identity badge inward concealing her proper required nursing identity!!! Here exists a severe predicate act of unlawful conspiracy!!

(35) Next upon the following day, october - 7th, 2022, Plaintiff MATHER, called and inquired directly to defendant, CONNIE ZIERKE, as to her concise obligation in which to disclose the specific Last name of this nurse at which MATHER, obtained a clear Legislative right

pursuant to Wyoming Law, in which to promptly access this nurses identity without interference, or giving any reason as to the desire of such inquired information!

(36) Here, a joint conspiracy exists between defendant's DOE, and Zierke, in that, Zierke initially inquired with defendant's DOE, and Maus, both nursing personnel within the emergency department, in a corrupt (conspiratorial) predicate act in which to unlawfully hinder MATHER, from obtaining her entitled right to nursing identity, where all three of these joint defendant's, DOE, Maus, and Zierke, conspired together and determined to conceal defendant DOE'S proper nursing identity in a corrupt avenue in which to elude MATHER, being able to file a state Board of nursing complaint against this concise nursing personnel! This claim is so plausible and not only possible, where Zierke, made a clear quote to MATHER, that the three of them, Zierke, Maus, and DOE,

(17)

had in fact JOINTLY, and together concluded that if MATHER, was able to gain access to this nurses full identity that then to file a State Board of nursing complaint against this concise nurse that it could very well may result into this nurse being revocated of her nusing License! A severe conspiratori- -al predicate act in which to avoid and to elude a State Law entitled right to MATHER, exists here!

(37) These three defendant's here sued do work for the corporate defendant's hospital corporation, and therefore the official cody regional Health center is clearly Liable for the misconduct here alleged, and obtains clear oversight of joint defendant's as their official employees!

(38) Here, Plaintiff MATHER, above has clearly shown concisely how each named defendant is in fact Liable, and clearly shows what concisely defendant's did or did not do!

INJURY

(39) At the clear intentional neglect of defendant, Stephanie Knodel, first and intionally leaving Plaintiff MATHER, out in the sole waiting are of the emergency department, knowing that MATHER, had in fact suffered a severe seizure, and that she had struck her head, MATHER, and after attending an out of area hospital, it is now verified per that other treatin) physician, that MATHER, has in fact suffered new severe brain injury caused by the recent fall, ignored by defendant, Dr. Stephanie Knodel, at the cody regional emergency department, on october-6th, 2022!

(40) AS to the neglect of Dr. Knodel, refusing to provide MATHER, with a diabetic injection such as insulin, or Humalog, once released from the cody regional emergency department, and then treated by the other out of other emergency physician, and on the drive by her

church paster, MATHER, in fact entered into a severe case of diabetic schock, and was in fact in a (coma) — during the drive from cody to the other out of area hospital, and suffered a severe coma for three consecutive days!!!

(41) In result of defendant, Knodel's intentional neslect, as articulated within all above paragraphs, and from the fall insuring her head in the emergency departmment's waiting area, MATHER has clearly sustained severe brain insury caught on camera at the hospital's security camera system!! During the discovery portion, and disclosure portion to the case, these events will be clearly shown!

(42) MATHER, is further unable to file a State Board of nursing complai- -nt upon the two present nurses at the corrupt concealment of defendant's, MAUS, ZIERKE, and DOE/ A.K.A. (Gena!

(20)

## CLAIM ONE

(43) Defendant's jointly, has violated the federal protections of the Emergency medical Labor and treatment act, where intent--ional neglect, severe physical and brain injury caused solely at the hands of defendant's, and a severe and intentional act of patient dumping exists here!

## CLAIM TWO

(44) A corrupt predicate act of joint conspiracy exists where certain defendant's togather and jointly, has engaged into a clear corrupt turn and twist in a most unlawful act of concealing official nursing identity in an unlawful avenue in which to elude the state Board of nursing complaint process!

(21)

## CLAIM THREE

(45) Severe emergency department (interference), into the federally protected emergency medical Labor and treatment act as to all aspects asserted above in all articulated paragraphs!

## RELIEF

WHEREFORE, upon the premises considered, it is respectfully requested upon this honorable court for the entry of an order as follows:

(A) Find the civil complaint plausible upon its face.

(B) Find that Plaintiff has alleged a cognizable legal theory upon which this court can draw a reasonable inference that the defendant's are liable for the misconduct alleged!

(22)

(C) A civil jury trial is so
requested.

(D) Actual damage awards in an
amount of one million Dollars.

I Declare under perjury the
foregoing to be true and correct.

Signed this __18th__, Day of
October, 2022.


_Natalie A. Mather_
(SIGNATURE OF PLAINTIFF)