Jay A. Gilbertz, WSB #6-3087
Yonkee & Toner, LLP
319 West Dow Street
P.O. Box 6288
Sheridan, WY 82801
(307) 674-7451
(307) 672-6250 (fax)
jgilbertz@yonkeetoner.com
*Attorney for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| NATALIE A. MATHER, | |
| Plaintiff, | |
| vs. | Civil No.  2:22-CV-00223-SWS |
| STEPHANIE KNODEL, M.D., in her official capacity, et al., | |
| Defendants. | |

_____

**DEFENDANTS' BRIEF IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT ON ALL
MEDICAL NEGLIGENCE AND ALL STATE LAW CLAIMS**
_____

Defendants, by and through their undersigned attorney, hereby file this Memorandum in Support of their Motion for Partial Summary Judgment seeking the dismissal of all of the Plaintiff's negligence claims, medical negligence claims, and any other state law or tort-based claims.  The basis for this motion is that the Plaintiff has failed to comply with the requirements of the Wyoming Governmental Claims Act and, therefore, all such claims are

barred as a matter of law.

***Undisputed Facts Relied Upon.***

The material and undisputed facts relied upon in support of this motion are as follows:

1. Cody Regional Health is part of West Park Hospital District (WPHD) which is a Wyoming governmental entity. (Aff. McMillan, ¶3-5)

2. All individually named healthcare providers or staff were employees of WPHD and were acting within the scope of their duties while rendering care to or interacting with the Plaintiff. (Aff. McMillan, ¶9)

3. Plaintiff has never presented a governmental claim to WPHD. (Aff. McMillan, ¶7-8)

4. Plaintiff did not allege compliance with the Wyoming Governmental Claims Act or Constitution in her Complaint because she has not complied. (Plaintiff's *Complaint*)

***The Defendants are Governmental Entities or the Employees of a Governmental Entity.***

West Park Hospital District is a governmental entity. See *In re West Park Hosp. District.*, 2010 WY 69, ¶ 6, 231 P.3d 1275, 1277 (Wyo. 2010) and (Affidavit McMillan, ¶3-5.) West Park Hospital District owns, controls and operates West Park Hospital and Cody Regional Health where the Plaintiff was seen for medical care. (Affidavit of McMillan, ¶5-6.) All of the individually named Defendants are employees of West Park Hospital District and were working within the scope of their duties at the time they interacted with the Plaintiff. (Affidavit of McMillan, ¶9.)

***Compliance with the Wyoming Governmental Claims Act and Constitution are Conditions Precedent to Filing a Lawsuit.***

Excepting certain federal claims, Wyoming governmental entities are immune from

suit except as provided under the Wyoming Governmental Claims Act (Wyo. Stat. §§1-39-101 et. seq.). "The Wyoming Governmental Claims Act provides broad governmental immunity from tort liability." *Fugle v. Sublette School Dist. No. 9*, 2015 WY 98, ¶ 6, 353 P.3d 732, 734 (Wyo. 2015). As a condition precedent to filing a lawsuit on non-federal claims, a plaintiff must first present a claim to the governmental entity in a manner that complies with the Claims Act. "Our jurisprudence recognizes that presentation of a notice of claim is a condition precedent to the bringing of an action against a governmental entity." *Brown v. City of Casper*, 2011 WY 35, ¶ 54, 248 P.3d 1136, 1149 (Wyo. 2011).

Before any state law claim can be brought against a governmental entity, the claimant must follow the procedure outlined in the WGCA and the Wyoming Constitution. See Wyo. Stat. Ann. § 1-39-1132 and Wyo. Const. Art. 16, § 7. See, e.g., *Stroth v. N. Lincoln County. Hosp. Dist.,* 2014 WY 81, ¶ 9, 327 P.3d 121, 125 (Wyo. 2014) and *Harmon v. Star Valley Med. Ctr.*, 2014 WY 90, 331 P.3d 1174 (Wyo. 2014). Strict compliance with the Claim Act is required. "[Plaintiff's] state law negligence claim is against a governmental entity, and '[t]his Court has long held that a party seeking to bring an action against a governmental entity must first comply with the constitutional and statutory requirements by presenting a notice of claim to the entity.'". *Chapman v. Wyoming Dep't of Corr.,* 2016 WY 5, ¶ 25, 366 P.3d 499, 511 (Wyo. 2016) citing *Harmon v. Star Valley Med. Ctr.*, 2014 WY 90, ¶ 18, 331 P.3d 1174, 1178 (Wyo.2014).

The Wyoming Supreme Court has repeatedly called these requirements a *condition precedent* to filing a lawsuit against a governmental entity and has said the right to sue "depends upon substantial compliance with the mandatory provisions, or conditions precedent, expressed in the statute". *Brown v. City of Casper*, 2011 WY 35, ¶ 19, 248 P.3d 1136, 1141 (Wyo. 2011). Because compliance with the statutes and Constitution are mandatory, a Complaint must allege this compliance:

> Many cases have come before this court involving the statutory and constitutional requirements for making a claim against a governmental entity. In resolving the issues raised in those cases, we have created a rule whereby, in order to invoke the jurisdiction of the district court, the complaint must allege the filing of a claim with the governmental entity and it must allege the date of that filing. Many of our prior cases have dealt with the necessity of alleging such filing and the date of filing under Wyo. Stat. Ann. § 1–39–113 (LexisNexis 2003), or similar statute, as a condition precedent to suit.

*Beaulieu v. Florquist*, 2004 WY 31, ¶¶ 10-11, 86 P.3d 863, 866–67 (Wyo. 2004),(internal citations omitted) (overruled on other grounds by *Brown v. City of Casper*, 2011 WY 35, ¶¶ 10-11, 248 P.3d 1136 (Wyo. 2011)).

***Plaintiff has not Complied with the Claims Act or the Constitution***.

Plaintiff filed a rambling and unconventional Complaint but never alleged compliance with the Act and the condition precedent to filing a suit against a governmental entity. These allegations were not made because the Plaintiff has never complied with the Act and has never presented a proper governmental claim to West Park Hospital District or Cody Regional Health as she was required to do before filing suit. (Aff. of McMillan, ¶7-8.)

Prior to *Brown v. City of Casper*, the case law held that the failure to make the allegations deprived the court of subject matter jurisdiction and that the lawsuit must be mandatorily dismissed. *Brown* reversed this precedent and held that the trial court indeed has jurisdiction over a case when the complaint fails to allege compliance with the conditions precedent, but is limited to determining if the Act has been complied with and allowing an amendment to the Complaint to show this compliance. In the case at hand, Plaintiff cannot ever amend to state that she presented a proper governmental claim to the District *before* filing suit because she never has presented such a claim. (Affidavit of McMillan, ¶7-8.)

**Conclusion.**

A plaintiff must allege the date of the presentation of their governmental claim (to demonstrate it was timely presented) and that it had been presented in compliance with the signature and certification requirements of Article 16, §7, of the Wyoming Constitution. See *Fremont Cty. Sheriff's Dep't v. Strom*, 2011 WY 64, ¶ 6, 252 P.3d 939, 941–42 (Wyo. 2011). Because the Plaintiff's Complaint does not allege compliance with the conditions precedent to bringing a lawsuit against the District and because the Plaintiff never presented a claim, the Defendants are entitled to summary judgment on all medical negligence claims and any other state law or tort-based claims that may have been brought. Granting leave to amend the Complaint in these circumstances will not solve the problem for Plaintiff because she has never presented a claim to the District and because a condition precedent cannot be

accomplished in retrospect.

**WHEREFORE** the Defendants request that the Court grant partial summary judgment to the Defendants on *all* negligence, medical negligence and any other tort claims *along with* any other state law based claims. Because the Court has already dismissed all the EMTALA claims against the individually named providers, this will constitute dismissal of the individually named providers from the lawsuit and leave only the Plaintiff's EMTALA claim against the Hospital District (Cody Regional Health).

DATED this 10th day of January, 2023.

YONKEE & TONER, LLP

/s/ *Jay A. Gilbertz*
Jay A. Gilbertz, WSB # 6-3087
319 W. Dow St.
P.O. Box 6288
Sheridan, WY 82801
(307) 674-7451
Fax (307) 672-6250
jgilbertz@yonkeetoner.com
*Attorney for Defendants*

## Certificate of Service

I, Jay A. Gilbertz, hereby certify that on the 10th day of January, 2023, I **attempted to serve** a true and correct copy of the above and foregoing through the Case Management/Electronic Case Filing (CM/ECF) system for the United States Federal Court for the District of Wyoming as allowed by CM/ECF Procedures Manual, §III(F)(i)&(ii), and the Notice of Electronic Filing (NEF) of this document sent to the below recipients by the CM/ECF system shall constitute service.

Natalie A. Mather
No Apparent Email Address

/s/ *Jay A. Gilbertz*
Jay A. Gilbertz

## CERTIFICATE OF SERVICE

I, Jay A. Gilbertz, hereby certify that on the 10th day of January, 2023, I served a true and correct copy of the above and foregoing by placing the same in the United States mail, postage prepaid, at Sheridan, Wyoming, and duly addressed as follows:

Natalie A. Mather
General Delivery
Powell Post Office
Powell, WY 82435

/s/ *Jay A. Gilbertz*
Jay A. Gilbertz