IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| NATALIE A. MATHER, | ) |
| | ) |
| Plaintiff, | ) Case No. 22-CV-223-SWS |
| | ) |
| vs. | ) |
| | ) |
| STEPHANIE KNODEL, M.D., in her official capacity, et al., | ) |
| | ) |
| Defendants. | ) |

# DEFENDANT' CASE MANAGEMENT PLAN

1. The names of counsel or pro se parties who attended the Rule 26(f) meeting and assisted in developing this Case Management Plan.

**Response: Defense counsel was unable to communicate with the pro se Plaintiff in this matter and, therefore, presents this Case Management Plan unilaterally.**

2. A list of the parties in the case, including any parent corporations or entities (for recusal purposes).

**Response: The current parties to the case are listed in the Court's Caption. There is one fictional defendant and these Defendants do not know who this person might be. It is important to point out that Cody Regional Health is actually West Park Hospital District d/b/a Cody Regional Health. West Park Hospital District (WPHD) is a formal hospital district formed in accordance with Wyoming law and is a Wyoming governmental entity.**

3.  List any cases related to this one that are pending in any state or federal court with the case number and court, and state how they are related.

**Response:** None known.

4.  A short statement of the nature of the case (2 pages or less), including a description of the claims and defenses.

**Response: Plaintiff evidently claims a number of state law claims including negligence and medical negligence. Defendants deny negligence, have asserted affirmative defenses and filed a partial motion for summary judgment seeking to have all state law claims dismissed because the Plaintiff has not complied with the Wyoming Governmental Claims Act. Plaintiff has not filed a response and the time for filing such a response has long since expired.**

**Several of Plaintiff's claims, including her EMTALA claims against the individual defendants were previously dismissed by the Court as was the "conspiracy" claim (See Document ECF #4). These claims will not be addressed further.**

**Plaintiff's EMTLA claims are baseless, groundless, and frivolous and are denied. Plaintiff sought care at the Defendant's facility for a medication refill and was provided with the refill prescription. Plaintiff did not suffer a seizure in the waiting area as claimed and Defendant WPHD dba Cody Regional Health has video of her time in the ER waiting area which demonstrates those claims to be untruthful.**

5.  A statement describing the basis for jurisdiction and citing specific jurisdictional statutes. If jurisdiction is based on diversity of citizenship, the report shall include a statement of the citizenship of every party and a description of the amount in dispute. The parties are reminded that (1) a corporation is a citizen of the state where it is incorporated and the state of its principal

place of business, and (2) partnerships and limited liability companies are citizens of every state in which one of their partners or members resides.  *If a party is a partnership or limited liability company, and the pleadings do not allege the citizenship of the partners/members, the parties shall include a statement of whether all partners/members are diverse from the opposite side.*

**Response: Plaintiff evidently seeks to invoke federal jurisdiction under the EMTALA claims.**

6. A list of any parties who have <u>not</u> been served, and an explanation of why they have not been served.  Also, a list of any parties who have been served, but have not answered or otherwise appeared.

**Response:   The individually named defendants were not personally served with the Summons and Complaint.   Instead, it was left for them at the administrative offices of West Park Hospital District.   It appears that this may have been the case because it was suggested to the process server that this would be adequate service of process on these Defendants.  Because of the pending motion to have the medical negligence claims dismissed for failure to comply with the Wyoming Governmental Claims Act, service of process on these Defendants will be moot when that motion is granted because these individual Defendants will no longer have any pending claims against them.**

7. A statement of whether any party expects to add additional parties to the case or otherwise amend the pleadings (the Court will set a deadline to join parties or amend pleadings at the conference).

**Response: The Defendants do not intend to add additional parties.**

8. Whether there are dispositive or partially dispositive issues appropriate for decision by motion or by agreement.

**Response:** **The Defendants believe that Plaintiff cannot show an EMTALA violation and, therefore, this claim is subject to summary dismissal. The Defendants have already sought summary dismissal of all negligence and state law claims and Plaintiff has not filed any response and the time allowed for such a response has long since expired.**

9. Whether the parties have complied with self-executing discovery (initial disclosures) as required by Rule 26(a).

**Response: Defendants have complied.   Plaintiff has not.**

10. Whether the parties can stipulate to any facts to avoid or minimize discovery; the nature and type of discovery each party intends to pursue, whether proportionality of discovery is an issue, whether the parties anticipate any issues with discovery of electronically stored information (ESI), and whether the discovery should be limited in any manner.

**Response: Other than stipulating that the Plaintiff sought and received medical care at a facility owned, controlled, and operated by West Park Hospital District, the Defendants doubt any other stipulation can be reached.**

11. Proposed specific dates for each of the following, keeping in mind that trial should occur within approximately nine (9) months from the date of the Initial Pretrial Conference, unless there are unusual or unique circumstances.   Parties should be prepared to address any issues that require additional time at the Initial Pretrial Conference.

  a. Proposed dates for full and complete expert disclosures under Federal Rule of Civil Procedure 26(a)(2)(A)-(C);

  **Plaintiff should disclose experts within 60 days from the date of the Initial Pretrial Conference.**

  **Defendants should disclose experts 60 days after Plaintiff has disclosed.**

b.      A proposed deadline for the completion of fact discovery; and

**45 days before trial.**

c.      A proposed date for trial.

**Response:   At a date 9 months following the IPTC at a time that fits with the Court's docket and can be facilitated in the undersigned's existing trial schedule.   It is anticipated that significant difficulty will be encountered in conducting discovery with this pro se Plaintiff.   It is apparent there are mental limitations or illnesses at issue.   Even the service of filings has been challenging, since Plaintiff has not provided an adequate physical mailing address, nor has she provided an email address.**

12.     Indicate any other matters peculiar or unique to this case, including discovery, that deserve the special attention of the Court at the Initial Pretrial Conference.

**Response:   Plaintiff does not appear responsive to mailings from the Court and early evidence suggests mental limitations or illness may be at issue with the Plaintiff.**

13.     The estimated length of trial and any suggestions for shortening the trial.

**Response: 4-5 days because of anticipated inefficiencies in trial presentation created by the Plaintiff's pro se status.**

14.     The prospects for settlement (good, fair, or poor), including any request of the Court for assistance in settlement efforts.

**Response: Very poor.**

15.     Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner.

**Response: Defendants may need special permission to file significant materials in support of a motion for summary judgment, including video evidence showing that Plaintiff's claims are without merit and untruthful.**


_/s/_ *Jay A. Gilbertz*       2/6/2023

Counsel for Plaintiffs      Date
Wyo. Bar #6-3087


_____      _____

Counsel for Defendant(s)      Date