IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

NATALIE A. MATHER,

    Plaintiff,

vs.

STEPHANIE KNODEL, M.D., in her official capacity, et al.,

    Defendants.

Case No. 2:22-CV-00223-SWS

## ORDER GRANTING DEFENDANTS' PARTIAL SUMMARY JUDGMENT (ECF NO. 20)

This matter comes before the Court on Defendants' *Motion for Partial Summary Judgment.* (ECF No. 20.) Defendants move for summary judgment on all of Plaintiff's state law claims, on the grounds that Defendants are either a Wyoming governmental agency or are employees of one, requiring Plaintiff's compliance with all conditions for bringing a suit against such governmental entities. (*Id.*; ECF No. 21.) Defendants assert Plaintiff has failed to meet all conditions precedent or plead compliance, therefore entitling Defendants to summary. (*See* ECF No. 21 at 1, 4–5; ECF No. 20.)

Plaintiff, Natalie Mather ("Plaintiff"), proceeding *pro se*, did not submit an opposition or response to Defendants' Motion. Having considered the parties' arguments, reviewed the record herein, and being fully advised upon the matter, the Court GRANTS Defendants partial summary judgment.

### BACKGROUND

The Complaint asserts a cause of action pursuant to the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd. (*See* ECF No. 1 at ¶¶ 1, 8–22.) In brief, Plaintiff alleges she presented to the Emergency Department at Cody Regional Health Center

("Emergency Department") on October 6, 2022, where she subsequently experienced two seizures for which she received neglectful and inadequate care. (*See id.* at ¶¶ 23–42.) Plaintiff also alleges she presented with elevated blood sugar, verified by lab work, for which she was not treated prior to release from the Emergency Department. (*See id.* at ¶¶ 31, 40.) Plaintiff asserts individual medical personnel—Megan Maus, Stephanie Knodel, and Jane Doe/a.k.a./Gena—rendered intentionally negligent care while she was examined. (*See id.* at ¶¶ 27, 29, 30, 32, 39, 41, 43.) Plaintiff claims she suffered head injuries resulting from the individual employees' negligence in caring for her while seizing, and she suffered diabetic shock and a coma after her release from the Emergency Department as a result of not receiving an insulin injection. (*See id.* at ¶¶ 23–42.)

The Court understands Plaintiff's Complaint to assert a claim under EMTALA, and state law negligence and medical malpractice claims. (*See* ECF No. 4.)

## LEGAL STANDARD

Summary judgment is appropriate where a movant shows "there is no *genuine* dispute as to any *material* fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphasis added). "A dispute is genuine if there is sufficient evidence so that a rational trier of fact could resolve the issue either way. A fact is material if under the substantive law it is essential to the proper disposition of the claim." *Crowe v. ADT Sec. Servs., Inc.*, 649 F.3d 1189, 1194 (10th Cir. 2011) (internal quotations and citation omitted). "The district court must draw all reasonable inferences in favor of the nonmoving party. . . . But an inference is unreasonable if it requires a degree of speculation and conjecture that renders [the factfinder's] findings a guess or mere possibility." *Pioneer Centres Holding Co. Emp. Stock Ownership Plan & Tr. v. Alerus Fin., N.A.*, 858 F.3d 1324, 1334 (10th Cir. 2017) (internal quotations and citation omitted), *cert. dismissed sub nom.*, 201 L. Ed. 2d 1128 (Sept. 20, 2018). Additionally, "'[u]nsupported conclusory

allegations do not create a genuine issue of fact.'" *Reinhardt v. Albuquerque Pub. Sch. Bd. of Educ.*, 595 F.3d 1126, 1131 (10th Cir. 2010) (quoting *L & M Enters., Inc. v. BEI Sensors & Sys. Co.*, 231 F.3d 1284, 1287 (10th Cir. 2000)). The burden of persuasion, however, rests squarely on the moving party. *See Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 980 (10th Cir. 2002), *as amended on denial of reh'g* (Jan. 23, 2003).

Additionally, the Court liberally construes Plaintiff's Complaint, and holds her to a less stringent standard than those formally drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, it is never "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.* It is with these standards in mind the Court considers Defendants' Motion.

## DISCUSSION

As a preliminary matter, the Court will address Plaintiff's failure to respond to Defendants' motion. This Court's local rules provide: "Each party opposing [a dispositive motion] shall have fourteen (14) days from the filing of the motion to file a written brief containing a short, concise statement of the argument and authorities in opposition to the motion." U.S.D.C.L.R. 7.1(b)(2)(A). Local Rule 7.1 further provides: "The Court may, in its discretion, consider the failure of a responding party to file a response within the fourteen (14) day time limit . . . as a confession of the motion." *Id.* Defendants filed their motion on January 10, 2023, so Plaintiff's brief in response was due January 24, 2023. Given Plaintiff's lack of response as of February 8, 2023, the Court deems Defendants' motion confessed by Plaintiff.[1] Nevertheless, the Court will still address the merits of Defendants' motion.

---

[1] The Court is aware of Plaintiff's pro se status, however, her lack of response *an additional 14 days after* a response was due is notable. After nearly a month, Plaintiff has not responded. Pro se litigants are required to follow the same rules of procedure that govern other litigants, including local rules of practice. *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992), *cert. denied*, 507 U.S. 940 (1993).

Defendants assert Cody Regional Health is part of West Park Hospital District, which is a governmental entity. (ECF No. 21 at 2.) Defendants move for summary judgment as to Plaintiff's state law claims, including negligence, on the grounds that Plaintiff failed to satisfy the requirements of proper notice of a governmental claim under the Wyoming Governmental Claims Act (WGCA), Wyo. Stat. Ann. § 1-39-101, *et seq.*, and Article 16, Section 17 of the Wyoming Constitution.[2]

West Park Hospital District has previously been recognized as a Wyoming governmental entity. *In re West Park Hosp. Dist.*, 2010 WY 69, 231 P.3d 1275, 1277 (Wyo. 2010).[3] As such, the WGCA requires the filing of a notice of claim with the appropriate governmental entity, signed by the person asserting the claim, within a specified time period. Wyo. Stat. Ann. §§ 1-39-113(a)–(b). *See Brown v. City of Casper*, 2011 WY 35, 248 P.3d 1136, 1146 (Wyo. 2011); *Harmon v. Star Valley Med. Ctr.*, 2014 WY 90, 331 P.3d 1174, 1187–88 (Wyo. 2014) (presentation of a notice of claim is "a condition precedent to filing a lawsuit against a governmental entity.").

Defendants submit the Affidavit of Doug McMillan, identified as the Chief Executive Officer (CEO) of West Park Hospital District (WPHD). (ECF No. 20-1 at 1.) Mr. McMillan attests that WHPD is a Wyoming governmental entity, which owns and controls Cody Regional Health, among other facilities. (*Id.* at 2.) In his role, Mr. McMillan states he is aware of any governmental claims presented to WPHD or its entities, and Plaintiff has never presented a governmental claim.

---

[2] "[A]n assertion that a plaintiff did not comply with the WGCA and Wyoming Constitution is an affirmative defense subject to waiver." *Harmon v. Star Valley Med. Ctr.*, 331 P.3d 1174, 1188 (Wyo. 2014). Defendants did not waive their objection to Plaintiff's noncompliance with § 1-39-113 of the WGCA because they specifically asserted it as an affirmative defense in their Answer. (ECF No. 16 at 6.)

[3] "Governmental entity" is defined to include "the state, University of Wyoming or any local government." Wyo. Stat. Ann. 1-39-103(a)(i). The WGCA defines "local government" as: "cities and towns, counties, school districts, joint powers boards, airport boards, public corporations, community college districts, *special districts* and their governing bodies, all political subdivisions of the state, and their agencies, instrumentalities and institutions . . . ." Wyo. Stat. Ann. § 1-39-103(a)(ii) (emphasis added).

(*Id.*) Further, he is aware of all employees of WPHD and those who Plaintiff identified were employees at the time of Plaintiff's care and working within the scope of their duties. (*Id.*)

Plaintiff does not allege in her Complaint that she filed a notice of claim that complied with Wyo. Stat. Ann. § 1-39-113(b) or Article 16, § 7 of the Wyoming Constitution in any respects. There is no evidence or allegation indicating Plaintiff complied with the constitutional and statutory requirements by presenting a notice of claim to the entity. *See Hoffman v. Darnell*, 2011 WY 65, 252 P.3d 936, 939 (Wyo. 2011) (complaint must allege compliance with the constitutional and statutory requirements for a governmental claim); *Brecheen v. Teton Cnty. Hosp. Dist.*, No. 10-CV-263-S, 2012 WL 13113223, at *5 (D. Wyo. Mar. 30, 2012) ("[T]he presentation of a valid notice of claim is a necessary condition precedent to bringing suit against the [governmental entity]." (citing *Brown*, 248 P.3d at 1146)); Wyo. Stat. Ann. § 1-39-113(d).

There is no genuine dispute of material fact. Plaintiff failed to comply with the requirements of the WGCA, specifically presentation of notice of a claim to the appropriate entity before filing her lawsuit. Defendants are therefore entitled to summary judgment as a matter of law, as to Plaintiff's state law claims. *See Chapman v. Wyo. Dep't of Corr.*, 2016 WY 5, 366 P.3d 499, 511 (Wyo. 2016) (citing *Harmon*, 331 P.3d at 1188) (holding plaintiff's state law negligence claim was appropriately dismissed in summary judgment where plaintiff failed to submit notice of claim as required by WGCA).

## CONCLUSION

There is no dispute that Plaintiff failed to submit a notice of claim as required by the WGCA. Plaintiff's state law negligence claims, including those related to medical malpractice, must therefore be dismissed as a matter of law.

Accordingly, Defendants' Motion for Summary Judgment (ECF No. 20) is hereby **GRANTED** as to all of Plaintiff's state-law claims. **IT IS FURTHER ORDERED** this constitutes dismissal of all individual providers named in their official capacities as Defendants in this matter.

DATED this 8th day of February, 2023.

Scott W. Skavdahl
United States District Judge