

FILED
U.S. Magistrate Judge
8:50 am, 3/9/23

United States District Court

For The District of Wyoming

NATALIE MATHER,

    Plaintiff,

vs.

STEPHANIE KNODEL, M.D.,
In her official capacity, et al.,

    Defendants.

Civil No. 22-CV-223-S

## ORDER RECOMMENDING PLAINTIFF'S CASE BE DISMISSED FOR FAILURE TO PROSECUTE

On February 10, 2023, the Court issued an Order to Show Cause [ECF No. 26]. In that Order, the Court set a telephonic hearing for March 7, 2023, at 10:00 a.m. requiring Plaintiff to appear and show cause why this case should not be dismissed for failure to prosecute and for failure to obey Court Orders. Plaintiff failed to appear for the March 7, 2023, hearing. Considering Plaintiff's actions and the status of this case, this Court respectfully recommends Plaintiff's case be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

### BACKGROUND

This case is originally before the Court on Plaintiff's Complaint asserting a cause of action pursuant to the Emergency Medical Treatment and Active Labor Act 42 U.S.C. § 1395dd. This matter was commenced on October 24, 2022. [ECF No. 1]. Plaintiff is

proceeding pro se and was granted in forma pauperis status.[1] [ECF No. 4]. On January 1, 2023, Defendants filed a Motion for Partial Summary Judgment. [ECF No. 20]. Plaintiff did not submit a response, and the Motion was granted. [ECF No. 24]. The case was set for an initial pretrial conference to take place telephonically on February 9, 2023, at 9:00 a.m. [ECF No. 19]. On February 6, 2023, Defendants filed a Proposed Joint Case Management Plan as required by the Local Rules. [ECF No. 23]. Defendants submitted the plan unilaterally because defense counsel was unable to communicate with Plaintiff. Plaintiff failed to appear at the telephonic pretrial conference. Because Plaintiff failed to appear, or communicate with the Court or opposing parties in any fashion, the Court issued an Order to Show Cause. [ECF No. 26]. The Order to Show Cause ordered Plaintiff to appear for a telephonic hearing for March 7, 2023, at 10:00 a.m. to show cause why this case should not be dismissed for failure to prosecute and for failure to obey a Court Order. Again, Plaintiff failed to appear or communicate with the Court or opposing parties in any fashion.

## RELEVANT LAW

As stated in the Court's Order to Show Cause, the Federal Rules of Civil Procedure allow a court to dismiss an action where a plaintiff fails to prosecute or to comply with the rules or a court order. Fed. R. Civ. P. 41(b). Rule 41(b) specifically states:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

---

[1] The Court notes the pro se Plaintiff has only provided a general delivery mailing address, and the Court has provided notice of all filings in the case via the United States Postal Service to the address provided. The Court further notes that some of those mailings have been returned as undeliverable or unclaimed.

Fed. R. Civ. P. 41(b). Before dismissing a pro se litigants case, however, the court should "carefully assess whether it might appropriately impose some sanction other than dismissal, so that the party does not unknowingly lose its right of access to the courts because of a technical violation." *Villecco v. Vail Resorts, Inc.*, No. 1:16-CV-0009, 2016 WL 10537555, at *2 (D. Wyo. Dec. 2, 2016) (quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 n. 3 (10th Cir. 2012). Nevertheless, pro se litigants "have no license to flout a court's authority willfully. Although pro se litigants get the benefit of more generous treatment in some respects, they must nonetheless follow the same rules of procedure that govern other litigants." *Id*. (quoting *Creative Gifts, Inc. v. UFO*, 235 F.3d 540, 549 (10th Cir. 2000)). The Tenth Circuit has identified a non-exclusive list of factors to be considered before engaging in dismissal as a sanction: "(i) the degree of actual prejudice to the defendant; (ii) the amount of interference with the judicial process; (iii) the culpability of the litigant," (iv) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (v) the efficacy of lesser sanctions." *Id*. (quoting *Ehrenhaus*, 965 F.2d at 921).

### RULING OF THE COURT

As stated above, courts take five factors, along with other relevant considerations, into account when contemplating the ultimate sanction of dismissal. The Court will address each factor in turn. Plaintiff's failure to participate in the prosecution of this action since filing the case in October of 2022 has caused Defendants to suffer significant prejudice. Plaintiff has not communicated with defense counsel, has not responded to motions, and has failed to appear for Court proceedings on multiple occasions. These actions have caused Defendants to unnecessarily expend time and resources and have precluded Defendants from investigating the claims and preparing a defense.

Plaintiff's actions, or lack thereof, have also interfered with the judicial process by causing the Court to unnecessarily expend time and resources. The Court set, and attempted to hold, an Initial Pretrial Conference and a hearing on the Order to Show Cause. Plaintiff failed to attend or otherwise respond or communicate with the Court or opposing counsel. On multiple occasions, both the Court and Defendants have spent time, energy, and resources preparing orders to address Plaintiff's failure to participate in her own case. Plaintiff's actions have interfered with the judicial process unnecessarily and without justification.

Next, Plaintiff is the party culpable for the status of this case. Plaintiff filed this lawsuit and accepted her obligations under the federal rules. Plaintiff has the ability and wherewithal to prosecute this case as exhibited from the filing of the initial Complaint. Yet, Plaintiff has failed to communicate with defense counsel, failed to respond to motions, and failed to appear before the Court. For whatever reason, Plaintiff has failed to comply with her duties and responsibilities in this case.

Plaintiff has been warned that failure to comply with Court orders and appear for hearings could result in the dismissal of this case. The Order to Show Cause places Plaintiff on notice that this case could be dismissed for failure to comply with the federal rules and for failure to comply with this Court's orders. Despite the warning, Plaintiff failed to appear for the March 7, 2023, show cause hearing.

Lastly, there is no lesser sanction that would be effective. Monetary sanctions would not be effective because Plaintiff is proceeding *in forma pauperis*. As discussed above, Plaintiff failed to appear for an Initial Pretrial Conference, failed to communicate with defense counsel to submit a joint case management plan, failed to respond to Defendants' Motion to Dismiss, and failed to appear for the show cause hearing. There are no lessor sanctions that

can efficiently or effectively address Plaintiff's inaction. Therefore, dismissal of the case is the appropriate sanction under Rule 41(b) of the Federal Rules of Civil Procedure.

### CONCLUSION

Plaintiff's actions, considering the factors identified above, rise to the level that this Court respectfully recommends this action be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The parties have fourteen days from the service of this recommendation to lodge any objections. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

> A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dept. of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

*Sutter v. Goetz*, No. 16-CV-02552-DME-KLM, 2019 WL 2269739, at *4 (D. Colo. May 24, 2019).

Dated this 9th day of March, 2023.

_____
Kelly H. Rankin
U.S. Magistrate Judge